STEPHEN D. DILLAYE et al., Appellants, *v.* ELIZA GREE-
NOUGH, Respondent.

THE SAME APPELLANTS, *v.* PATRICK LYNCH et al., Respond-
ents.

An antenuptial contract was entered into, whereby the husband was appointed trustee of real and personal property, and as such trustee was to have the entire and sole management, direction and control thereof, but it was silent as to the persons to be beneficially interested in the trust, —*Held*, that no trust was constituted, which the court could execute.

*It seems* that when the instrument creating the trust does not disclose the beneficiary, it does not necessarily result that the creator of the trust is such beneficiary.

(Argued together April 18th; decided April 25th, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court, in the fifth judicial district, affirming the report of a referee in favor of the defendants.

In 1844, William Malcolm died, possessed of real estate, which he devised to his children, of whom the plaintiff Char-lotte was one.  In August, 1848, Charlotte, then a minor, who, at the age of twenty-three, would take her share of the estate, and the plaintiff, S. D. Dillaye, entered into an antenuptial con-tract referring to the will, whereby Dillaye was constituted " trustee " of all Charlotte's property, real and personal, taken by law under the will, to have the entire and sole management, direction and control thereof, subject to the limitations and conditions thereinafter mentioned.  The appointment was declared to be irrevocable.  By the second clause the said Charlotte, in consideration of the said marriage, sold and con-veyed to Dillaye his heirs and assigns, in case there be no

heirs of the body of the said Charlotte, lawfully begotten by the said Dillaye, all her estate, but in case of such heirs, lawfully begotten surviving him, then they to take. By the third clause, Dillaye, on his part, sold and conveyed to Charlotte, in case she survived him, all his estate, for her life, remainder to the heirs of their bodies.

The defendants claim certain parts of the real estate, by virtue of a deed from Dillaye and his wife, given subsequent to the trust, and duly recorded. Dillaye was informed by counsel that he could sell without interfering with his duties as trustee. Before commencing the action, the plaintiffs offered to pay back the original consideration, with seven per cent interest, to the grantee, on his accounting for the rents and profits. This was refused. There was no proof that the grantees knew of the antenuptial contract, independently of the record. Mrs. Dillaye was under age at the time she entered into the contract. The action was to recover possession, rents and profits, and have the deed to defendants declared void.

*George F. Comstock and S. D. Dillaye* in person, for the appellant. When no fraud is shown it is the settled policy of the law to sustain marriage agreements. (2 P. Williams, 243; *Acton* v. *Pierce,* 2 Vernon, 480; *Campson* v. *Cotton,* 17 Vesey, 264; *Randall* v. *Willis,* 5 Vesey, 262, 276, note; *Gavner* v. *Gavner,* 1 Dessau, 437; *Tisdale* v. *Jones,* 38 Barb., 523; *Strong* v. *Skinner,* 4 Barb., 546; 2 Kent's Com., 165.) Where a statute has no restrictive words, no exception will be made in favor of infants. (*Demarest* v. *Wynkoop,* 3 John. Ch., 146; *Bucklin* v. *Ford,* 5 Barb., 393; *Bickford* v. *Wade,* 7 Vesey, 87, 92; Angell on Lim., § 194; Tyler on Infants, 163.) Acts by which the intention to affirm is clearly signified amount to an affirmance. (*Murray* v. *Franklin,* 4 Dev. & Batt., 292; *Wheaton* v. *East,* 5 Yerger, 41, 62; *Phelps* v. *Green,* 5 Monroe, 533; *West* v. *Perry,* 16 Ala., 186; *Cecil* v. *Salisbury,* 2 Vt., 224; *Delano* v. *Blake,* 11 Wend., 85; *Jones* v *Phœnix Bank,* 4 Seld., 235;

*Palmer* v. *Miller*, 25 Barb., 399 ; *Henry* v. *Root*, 33 N. Y., 525 ; Dunlap's Paley on Agency, 171.)   A second deed made after maturity will not revoke a prior deed of an infant unless there is an actual entry with intent to disaffirm. (*Booke* v. *Mix*, 17 Wend., 135 ; *Dominick* v. *Michael*, 4 Sandf., 419 ; *Voorhies* v. *Voorhies,* 24 Barb., 150 ; *Wetmore* v. *Kissam*, 3 Bosw., 327.)   Mrs. Dillaye is not estopped by her deed from claiming her rights under the marriage agreement. ( *Vanderlyder* v. *Jackson*, 17 Johns., 167 ; *Martin* v. *Dudley*, 6 Wend., 1 ; *Watkins* v. *Adams*, 24 N. Y., 72.)   A right to recover in an action for the realty is not barred by a deed purporting to be a conveyance, but by which the right does not pass. ( *Wolcott* v. *Knight*, 6 Mass., 418 ; *Williams* v. *Jackson*, 5 Johns., 493 ; *Dominick* v. *Michael*, 4 Sand., 423.)   The recorded antenuptial contract was notice to subsequent purchasers. (1 R. S., 707 ; *Center* v. *Lyman*, 24 Vt.,      ; *Peck* v. *Mallams*, 10 N. Y., 526 ; *Towsley* v. *Towsley*, 5 Ohio, 78.) The will was made a part of the agreement. (*Jackson* v. *Parkhurst*, 4 Wend., 374 ; *French* v. *Carhart*, 1 Com., 104 ; *Briggs* v. *Palmer*, 20 Barb., 392 ; *Briggs* v. *Davis*, 20 N. Y., 21.)   The reference to the will was sufficient notice to lead directly to the facts. (*Perry* v. *Arden*, 9 Johns. Ch., 267 ; *Green* v. *Flayton*, 4 Johns. Ch., 38 ; *Williams* v. *Brown*, 15 N. Y., 354.)   The grantee could alone derive title through the will, and the will thus being a common source of title, it put him in full possession, in connection with the marriage agreement, of all the facts essential to constitute full notice. ( *Wood* v. *Chapin*, 13 N. Y., 520 ; *Dart* v. *Vendors*, 407 ; *Willis* v. *Butcher*, 2 Brim., 466 ; *Quinn* v. *Campbell*, 2 Brim., 119 ; *Cuyler* v. *Brandt*, 2 Caine's Cases in Error, 326.)   The deed was void independently of the recording act. (*Demarest* v. *Wynkoop*, 3 Johns. Cas., 145 ; *Bickford* v. *Wade*, 17 Vesey, 89, 92.)

*D. Pratt*, for the respondents.   To transfer real estate, the deed should contain some fit and proper words for that purpose. (Hill on Trustees, 63 ; Tiffany's Laws of Trust, 11,

351, 354; 4 Kent's Com., 490.) Acts may be used in the construction of an ambiguous contract.) (*French* v. *Carhart*, 1 Comst. R., 96, 102; *Livingston* v. *Ten Broeck*, 16 John., 22; 10 Vesey, Jr., 335, 338; *King* v. *Osborn*, 4 East, 327.) All express trusts are void, except those enumerated in the statute. (1 R. S., 728, § 55; *La Grange* v. *L'Amoreux*, 1 Barb. Ch., 18; *Wood* v. *Wood*, 5 Paige, 596.) The instrument must specify the trust. (*Selden* v. *Vermilyea*, 3 N. Y., 526; *Wood* v. *Wood*, 5 Paige, 596.) No estate vested in the trustee. (1 R. S., 729, § 58; *Clark* v. *Crego*, 47 Barb., 599; *Smith* v. *Bower*, 35 N. Y., 83.) The instrument was simply to give Dillaye a power in trust to manage the estate. (*Post* v. *Hover*, 33 N. Y., 593.) The parties so understood the instrument. (*Downing* v. *Marshall*, 23 N. Y., 366, 378; *Belmont* v. *O'Brien*, 12 N. Y., 400; 5 R. S., 322, 323, Edw. ed.) In an ante or postnuptial contract, creating a trust for the benefit of a married woman, she is treated in equity as the sole owner, vested with the title, with power to sell, mortgage, or otherwise charge the trust estate. (*Jaques* v. *Methodist Church*, 17 John., 548; *Demarest* v. *Wynkoop*, 3 John. Ch., 129; *N. American Coal Co.* v. *Dyett*, 7 Paige, 9; *S. C.*, 20 Wend., 670.) During her infancy, the estate was, by the terms of the will, in the executors; and any attempt to alien the land on the part of the *cestui que trust* was void during infancy. (*Cruger* v. *Jones*, 18 Barb., 467; 21 N. Y., 574; *McCasker* v. *Brady*, 1 Barb. Ch., 329; *Van Epps* v. *Van Epps*, 9 Paige, 237, 530; *Belmont* v. *O'Brien*, 12 N. Y., 401.) An infant's conveyance, by deed, of a remainder, is absolutely void. (Croke Car., 103; *Holt* v. *Samback*, Chambers on In., 444; 2 Prest. on Con., 246, 247; 3 Atkyns, 712.) All deeds of an infant which do not take effect by delivery of his hand are absolutely void. (Chambers on In., 445; *Zouch* v. *Abbott*, 3 Burr., 1794, 1804; *Stafford* v. *Roof.*, 9 Cow., 626; *Fonda* v. *Van Horne*, 15 Wend., 631; Story's Eq. Jur., § 241.) The deed of an infant, which, upon its face, is clearly not beneficial to it, is absolutely void. (*U. S.* v. *Bainbridge*, 1 Mason, 71, 82; *McGan* v. *Marshall*, 7 Black;

2 Kent's Com., 235: Chambers on In., 444; *Levering* v. *Heighe*, 2 Md. Ch., 81; *Tucker* v. *Moreland*, 10 Pet., 58, 70; *Oliver* v. *Hendlet*, 13 Mass., 239.) His negotiable note is void. (*Swansey* v. *Vanderheyden*, 10 John., 33.) So is his acceptance. (*Williamson* v. *Watts*, 1 Campb., 552.) He cannot appoint an agent or attorney. (*Bennett* v. *Davies*, 6 Cow., 393; *Roof* v. *Stafford*, 7 Cow., 179; *S. C.*, 15 Wend., 631.) His release of a legacy is void. (*Langford* v. *Frey*, 8 Humph., 443; *Fridge* v. *The State*, 3 Gill. & J., 104; 1 Pars. on Con., 244.) His surrender by deed is void. (*Lloyd* v. *Gregory*, Cro. Car., 502.) His grant of a rent charge out of his estate is void. (Chambers, 444; *Thompson* v. *Leach*, 3 Mo., 310.) A marriage settlement may be avoided after majority. (*Milner* v. *Hanwood*, 18 Vesey, Jr., 259; Chambers on In., 406.) It is not necessary, when the grantor has never had possession, that she re-enter upon the land. It is enough that she execute a second conveyance of the same land to another after she attains her majority. (*Slaughter* v. *Cunningham*, 24 Ala., 260; *Pitcher* v *Laylock*, 7 Ind., 398; *Chesinger* v. *Lessee of Welch*, 15 Ohio, 156; 2 Md. Ch., 81; 1 Geo. Ch. Dec., 91; *Lessee of Drake* v. *Ramsey*, 5 Ohio, 256; *Dearborne* v. *Eastman*, 4 N. H., 441; *Howle* v. *Stowe*, 2 Dev. & Bat., 320; *Gill* v. *Woodward*, 3 Brevard, 401; *Jackson* v. *Carpenter*, 11 Johns., 539; *Jackson* v. *Burchin*, 14 Johns., 124; *Tucker* v. *Moreland*, 10 Pet., 58; *Eagle Fire Co.* v. *Dent*, 6 Paige, 635; S. C., 1 Edw. Ch., 301; *Dominick* v. *Michael*, 4 Sandf., 374; *Doe* v. *Abernethy*, 7 Blackf., 442; *McGan* v. *Marshall*, 7 Humph., 121; *Litendorfer* v. *Hempstead*, 18 Mo., 267; *Peterson* v. *Laik*, 24 Mo., 541; *Zouse* v. *Norcoms*, 12 Mo., 549.) Since 1848 a *feme covert* has precisely the same power to convey that a *feme sole* has. (*Millwaine* v. *Hadel*, 30 How., 198; *Wetmore* v. *Kissam*, 3 Bosw., 321.) Mere acquiescence in a conveyance for a time after majority, without any intermediate or continued benefit, does not confirm it. (*Jackson* v. *Carpenter*, 11 Johns., 559; *Voorhies* v. *Voorhies*, 24 Barb., 150; *Goodsell* v. *Myers*, 3 Wend., 479.) The description of the premises in the instrument is

too indefinite to make the record of it, notice to subsequent purchasers under the statute. (*Mundy* v. *Vawton*, 3 Grattan, 518; *Gilling* v. *Maas*, 28 N. R., 101; *Ludlow* v. *Van Ness*, 8 Barb., 176.) The clerk's neglect in indexing the record does not affect defendant's rights. The plaintiff must look to the officer. (*Sawyer* v. *Adams*, 8 Verm., 172.) The vendor is liable on covenants of warranty. (*Kolls* v. *De Leyer*, 41 Barb., 208; *Fowler* v. *Seaman*, 40 N. Y., 592; *Ballin* v. *Dillaye*, 37 N. Y., 35, 39.) The vendor is estopped from denying title which she has assumed to convey, and of which she has covenanted that she was seized. (*Jackson* v. *Stevens*, 16 Johns., 110; *Jackson* v. *Bull*, 1 Johns. Cas., 81; *Rathbun* v. *Rathbun* 6 Barb., 98.) The title, if restored, would pass by virtue of the estoppel created by the warranty. (*Jackson* v. *Stearns*, 16 Johns., 110; *Jackson* v. *Hubble*, 1 Cow., 613; *Bank of Utica* v. *Messereau*, 3 Barb. Ch., 528.) The second and third sections of the antenuptial contract are clearly testamentary, and not having been executed according to the statute on wills, are void. (1 Red. on Wills, 5.)

FOLGER, J. The learned counsel for the appellants conceded, that whatever right or interest in the premises in question was held by Dillaye in his own right, or by Mrs. Dillaye otherwise than as a *cestui que trust*, at the time of the execution of the deed to the defendants, passed thereby.

The issue of the marriage of Dillaye and Mrs. Dillaye take no present interest in the lands. If they shall have a right therein, it will not accrue until after the death of Dillaye. The court expresses no opinion as to whether they will or will not then have a right.

The ground, if any, upon which the deed to the defendants can now be assailed is this: that by the antenuptial contract, a valid express trust was created, and Dillaye constituted the trustee thereof, and that the deed to the defendants was void, as being in contravention of that trust. If it shall be found that a trust is created, it will not be difficult to determine that he is constituted a trustee, and

clothed with the legal estate in the premises. The instrument in terms "makes, constitutes and appoints him a trustee." Such phraseology is inappropriate to create an attorney in fact or an agent. It is appropriate to create a trustee. The intention to appoint an agent, or an attorney in fact, would not find expression in such a formula. The intelligent intention to constitute a trustee, could choose scarcely a form more apt. The other phrase, conferring upon him the power, "to have the entire and sole management, direction and control," of all the estate, taken in connection with the other, is sufficient to endue him with the legal estate therein. From such power expressly given, the trustee would take, by implication, the legal estate. For a legal estate would be required to fully perform the duty of managing, directing and controlling the property. (*Brewster* v. *Striker*, 2 Comst., 19 ; *Leggett* v. *Perkins*, 2 Comst., 297.) But here the contract stops. Assuming the intention to have been to constitute a trustee, and to create an active trust in him, such intention could be satisfied, only in accordance with the provisions of the statute. The Revised Statutes (1 R. S., 728, § 55), declare, define or recognize the cases in which express trusts may be created : 1. To sell lands for the benefit of creditors; 2. To sell, mortgage or lease lands for the benefit of legatees, or for the purpose of satisfying some rent charge thereon; 3. To receive the rents and profits of lands, and apply them to the use of any person, etc. ; 4. To receive the rents and profits of land, and to accumulate the same, etc. It is not claimed that a trust is created by this instrument within the first two subdivisions of the section. It is claimed that there is a trust to receive the rents and profits of lands. And doubtless the trust to manage, control and direct, is a trust to receive the rents and profits. But the instrument goes no further. It does not declare what shall be done with the rents and profits after they are received. There is no expression of what the trust is in this respect. In this silence of the instrument, if a trust is to be upheld, it must be for the court to say, from other facts, from circumstances not shown by the instrument or other writing, either

that the rents and profits are to be applied to the use of a person, or to be accumulated for some purpose. And then, to go further, and without definite designation in the instrument itself or in any other writing, to point out the person for whose use they are to be applied, or the purpose for which they are to be accumulated, and to say in the last case, whether the trust is to commence on the creation of the estate, or at a time subsequent thereto. (1 R. S. 726, § 37.) It is urged that it may be implied from the very nature of a trust, that the trustee does not take for his own benefit. This being admitted, it is claimed that it necessarily results that the author of the trust was to be alone interested in its execution, no other person being named in that behalf, and that the estate was to be managed and controlled for her. But it does not so necessarily result that the author of a trust is to be beneficiary thereof, as that when the instrument is silent, the court may unerringly supply the omission. A trust and a trustee of real property, may be created by any writing which passes the legal title to the trustee, and contains a proper declaration of the trust. (Hill on Trustees, 63–4.) But the writing, must declare what the trust is. (*Smith* v. *Matthews*, 3 De. G. F. & J. 139.) The statute of frauds (2 R. S., 134, § 6), declares that no trust or power over or concerning any lands or in any manner relating thereto, shall be created unless by act or operation of law, or by a deed or conveyance in writing. Under a statute very like this in its provisions (1 R. L., 79, § 11), it was held that the trust must appear in writing, with absolute certainty as to its nature and terms, before the court can undertake to execute it. A trust must be manifested and proved by writing, and the nature of the trust, and the terms and conditions of it, must sufficiently appear, so that the court may not be called upon to execute the trust in a manner different from that intended. (*Steere* v. *Steere*, 5 J. C. R., 1.) Every agreement which is, by the statute of frauds, required to be in writing, must be certain in itself, or capable of being made so by reference to something else whereby the terms can be ascertained with reasonable precision, or it cannot be

carried into effect. (*Abeel* v. *Radcliff*, 13 J. R., 297.) It would be wandering wide from the express provisions of the statute, and from the rules established by the courts, if we were to take up this instrument where it stops after constituting a trustee and giving the power of management and control, and to frame the trust itself by implication. Plausible reasons might be given for a trust to apply the rents and profits to the use of other than the author of the trust, or for a trust to accumulate them for some lawful purpose. There is no implication so clearly shown as that no other can by possibility be made.

But it is sufficient to say that the terms and conditions of the trust must be expressed in writing.

It follows, then, that there is no trust manifested by the antenuptial agreement which the court can execute. And further, that there is no right now existing and enforceable, in favor of which the court can adjudge in this action to any extent of the prayer of the complaint.

The judgment of the General Term should be affirmed, with costs to the respondent.

All the judges concurring except ANDREWS, J., who did not sit.

Judgment affirmed.