WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—January, 1884.

BILLAR v. LOUNDES.

*In the matter of the application for revocation of probate of the will of* SAMUEL P. BILLAR, *deceased.*

The gift of a legacy to A. (testator's widow) " during her lifetime, for

the support of herself and my children" does not constitute a *precatory* trust.

Testator's will gave all his estate to his wife, for life; for the support of herself and their two children, the same, on her death to be equally divided between the children—provided the wife remained single; on her remarriage, the principal to be equally divided among the wife and children. It appeared that the income of the personal estate could afford but a slender support for three persons; whereas the carrying on of the business might produce an adequate one.—

*Held,* that the will created a valid implied trust; that testator's intent was that the personal estate should pass into the actual possession of his widow for the purpose indicated, subject to the official control of the executors, for payment of debts; and that any residue of the principal was to be disposed of in the manner, and on the happening of the contingencies mentioned in the dispositive clauses of the will.

Clarke v. Leupp, 88 *N. Y.*, 228—distinguished.

DECEDENT'S will having been admitted to probate without contest, his widow applied for revocation of the probate, on allegations, coupled with a request for a construction of the will, if refused, so far as to determine whether she was entitled to the possession of the personal estate. The will provided as follows:

"I give, devise and bequeath my estate, both real and personal, as follows; that is to say: 3rd. I devise and bequeath all my real and personal estate to my wife, Terena E. Billar, during her lifetime, for the support of herself and my children. 4th. In the event of the death of my wife, all my estate, both real and personal, shall be divided equally between my son, Wilson P. Billar, and my daughter, Ella M. Billar, and their heirs. 5th. Provided that my wife, Terena E. Billar, remains single during her natural life. But in the event of her remarrying, I give, devise and bequeath to her one third of my estate, both real and personal, the remaining two thirds to be divided equally between my son and daughter already mentioned."

The executors, William E. Loundes and another, op-posed the application.

MARTIN J. KEOGH, *for executor.*

DUDLEY R. HORTON, *for the widow.*

THE SURROGATE.—I am satisfied that the will was properly executed, that the deceased had sufficient testamentary capacity, and that the act was not taint-ed by fraud or undue influence. It is, therefore, ad-mitted to probate. The only other question to be con-sidered relates to the construction of the will; whether under it the executors must convert the personal estate into money, and invest it and pay over to the widow the income thereof; or whether the widow is herself entitled to its possession. It is undoubtedly within the province of the court, in order to ascertain the testator's intention, where the language employed by him is obscure or doubtful, to look at all the circum-stances surrounding the testamentary act. The tes-tator, then, was engaged in the oyster business at City Island, having an oyster bed there in Long Island Sound, from which he derived support for himself and family. This is personal property, and was about all he possessed. This species of property is liable to great fluctuations in value, but is now estimated to be worth about $1,500. He also died seized of a house and lot of no great value, but sufficing as a home for himself and family. His son, now about nineteen years of age, was brought up to the same busi-ness by his father, and has sufficient capacity, with

the advice of his mother, to conduct the business. The income of the personal property would afford but a slender support for three persons, while the carrying' on of the business might produce a reasonably adequate one. It is likely that all these considerations were present to the mind of the testator when he made the will, and that his failure distinctly to express his wishes in the will, to the effect that his wife should have possession and control of everything, was due partly to his ignorance of business of the kind, and partly to the lack of legal knowledge of the gentleman who prepared it. However that may be, this court has no power to make a new will, but only to give it such interpretation as it will justly bear under the circumstances.

It will be observed that the testator does not, in terms, give to his wife any income, but he does give her all his real and personal estate for life, for the support of herself and two children. It is given to her for a definite and declared object, and hence, although an express trust is not declared, and may not, therefore, be valid as to the real estate, with which we have nothing, here, to do, yet I consider it a valid implied trust as to the personal (Perry on Trusts, §§ *117, 118*; 2 Redf. on Wills, *414, 418*). This, therefore, is what is sometimes called a "precatory trust." Here, the subject of the gift, the beneficiaries and the precise object are definitely indicated. The case of Clarke v. Leupp (*88 N. Y., 230*), cited by the executors' counsel, is unlike this, in that the question there discussed related solely to real estate, concerning which no proper declaration of trust was made in writing. The will, in that case, gave all the estate to the wife, and authorized her to

take charge of it after his death, and retain or dispose of it for the benefit of herself and children, and it was also unlike this in that the estate to the wife was not limited on her life—while here it is; and Sir J. ROMILLY held, in Howarth v. Dewell (*6 Jur.*, *N. S.*, *1360*), that all the class of cases, to which precatory trusts belong, contain estates for life. The court, in Clarke v. Leupp, says: "it is well settled, by a long succession of well considered cases, that when the words of the will, in the first instance, clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate *absolutely* to the donee, it will not be restricted or cut down to any less estate by subsequent or ambiguous words, inferential in their intent." It is true here are "subsequent" words, but they are neither "ambiguous" nor "inferential in their intent." That they are "subsequent" is natural, but they are clear and positive. The property is given to Mrs. Billar for a specific purpose. Had the will read: "I devise and bequeath all my real and personal estate to my wife during her lifetime, and 'wish' or 'desire' or 'request' her to use it for the support of herself and my children," then, doubtless, the position taken by the executors' counsel would have been correct. Transpose the words of the clause so that it shall read: "I devise and bequeath to my wife for the support of herself and my children all my real and personal estate during her life," could it be doubted that a trust was created in the wife, and yet would there be any difference in sense and meaning? I apprehend not.

But it strikes me that the clause of the will in question contains no words which can justly be called

"precatory." There is no supplicating or beseeching by the testator. The estate is only given to his widow for a declared purpose, and she takes it subject to the discharge of the duty imposed. And I think the children could compel her, she having accepted the bequest, to properly discharge the trust.

I conclude, therefore, that it was the intention of the testator, that the personal estate should pass into the actual possession of his widow, for the purpose indicated, subject, of course, to the official control of the executors for the payment of debts, etc., and that, subject to the power of the widow to apply it to her and the children's support, what should remain of the principal, was intended to be disposed of in the manner and on the happening of the contingencies mentioned in the fourth and fifth clauses of the will (Smith v. Van Ostrand, *64 N. Y., 282*).