YOCUM et al. v. PARKER et al.

SAME v. KENNEDY et al.

(Circuit Court, W. D. Missouri, St. Joseph Division. March 23, 1903.)

</div>

1. WILLS—CONSTRUCTION OF DEVISE—ESTATE OF DEVISEE.

The statute of Missouri requires "all courts and others concerned in the execution of last wills to have due regard to the directions of the will, and the true intent and meaning of the testator in all matters brought before them." Rev. St. 1845, p. 1086, § 51 (Rev. St. 1899, § 4650). The will of a testator who at the time of his death was a resident of Missouri contained the following devise of the land on which he then resided: "To my beloved son, * * * my natural son, I bequeath absolutely [the described land] * * * with the express understanding and restriction, namely, that if my said son dies without legal issue, descendants of his, legitimate issue of his, said lands shall pass to [other persons named]."

*Held*, that it was not the intention of the testator to give the son a life estate only in case he should have legitimate children, with remainder to such children, but that, construing the will in conformity to the statutory requirement, which but emphasizes the general rule, the son, on the birth of a legitimate child, became vested with title to the land in fee simple.

## Actions in Ejectment. On motions by defendants for judgment on the pleadings.

These are suits in ejectment for different parcels of land, growing out of the same title. The petitions in respect of diverse citizenship allege that "plaintiffs state that Oscar M. Yocum, one of the plaintiffs herein, is a resident and citizen of the state of Colorado, and that John W. Yocum, the other plaintiff herein, is a resident and citizen of the state of Idaho; that all of the defendants herein are residents and citizens of the state of Missouri, and reside in the county of Platte, in the state of Missouri." The premises sued for lie in Platte county, in this district, and are conceded to be of a value exceeding $2,000 in each case. While the answers tender the general issue, except as to matters not specifically admitted, they state that George W. Yocum died in September, 1854, seised in fee of the demanded premises, leaving a last will, which was duly probated, which will contained the paragraph set out in the following opinion of the court. The defendants claim title through mesne conveyances from William Franklin Yocum, the devisee named in said fifth paragraph of the will. The answers then pleaded former suits in ejectment by plaintiffs against one of the defendants, Susan Siler, and her tenants in possession of said lands, brought in the Platte circuit court, which resulted in a judgment for the defendants, which, on appeal to the Supreme Court, was affirmed, and is reported in volume 160 of the Missouri Reports, commencing at page 281, 61 S. W. 208. The answers alleged that said paragraph of said will was construed by the Supreme Court on said appeal in favor of the fee-simple title acquired by said William Franklin Yocum, devisee under said will. The plaintiffs in their reply to said answers admitted the facts stated in the third paragraph of the answers; setting up said will of George W. Yocum, the common source of title, and admitting that the title of William Franklin Yocum came through said will, and which had passed by mesne conveyances to the defendants; admitting that said William Franklin Yocum married and died as charged in the answers, and that the plaintiffs were two of the children born of said marriage. The reply was so framed as to present to the court for its construction, and as the governing question in the case, the provision of said will as to whether or not said William Franklin Yocum, by his marriage and having children born in lawful wedlock, held the title of the land in question in fee simple. On the pleadings, therefore, the defendants move for judgment.

Vinton Pike and J. B. Shackelford, for plaintiffs.
J. W. Coburn and B. R. Vineyard, for defendants.

PHILIPS, District Judge (after stating the facts). These are actions of ejectment for the recovery of certain lands in Platte county, in this district. The defendants have filed motions for judgment on the pleadings. And as the two cases involve the same questions of law and fact, they are submitted jointly to the court.

Both parties claim title under the will of George W. Yocum, which was admitted to probate in Platte county, Mo., in 1854; and the controversy arises on the fifth paragraph of said will, which is in words and figures as follows:

"5. To my beloved son, William Franklin Yocum, my natural son, I bequeath absolutely the northeast quarter of section seven of township fifty-three and range thirty-five, the place I now reside on in Platte County, Missouri, subject forever to the reservation for my burial place, made in clause two of this will, and, further, with the express understanding and restriction, namely, that if

my said son dies without legal issue, descendants of his, legitimate issue of his, said lands shall pass to Susan Evans, wife of Joseph B. Evans; Marina Botts, wife of Thomas Botts, Eliza Botts, wife of William Botts, my nieces; to Elizabeth Frame, my sister, wife of John Frame, and to George, son of my brother Stephen Yocum, and Jane Yocum, wife of Milford Yocum, deceased, my sister, in equal parts."

The plaintiffs claim title as lineal heirs of the devisee, William Franklin Yocum; and defendants claim title under a deed of conveyance made by said William Franklin Yocum after his father's death and the birth of legitimate children.

I will not enter into discussion of the questions raised in this case respecting the doctrine of estates of entail and in perpetuity, on which has been expended such a vast wealth of legal learning by the English and American courts, and to which the Supreme Court of this state, in Yocum v. Siler, 160 Mo. 281, 61 S. W. 208, discussing said provision of said will, and the respective counsel in this case in their briefs, have made such valuable contributions, much of which, however, is more academic than useful. Looking to the trend of legislation on this subject in this state, beginning in 1825, touching estates tail, and the state statute respecting the rule to be observed in the construction of wills, and guided by plain, common, practical sense, we are to answer the question, what did the testator intend in devising this land to his natural son, William Franklin Yocum? Evidently he wanted him to have this land "absolutely," to do with as he pleased, subject to but one contingency—that of the birth of legitimate children. Recasting, by transposition, the structure of said paragraph of the will according to its evident sense, it would read thus:

"To my beloved son, William Franklin Yocum, my natural son, I bequeath [devise] absolutely, in the event he dies having legal issue, descendants, legitimate issue of his, the following lands [describing them]; but if he should die without having such issue then said lands shall pass to [the persons designated]."

When such issue was born to the son the contingency on which the absolute estate was dependent occurred, and thereupon the estate in the son became complete in fee simple. Evidently, it seems to me, the testator had no other thought respecting the lineal heirs of the son than that their coming into existence should complete and seal the absolute estate of the son. He had no purpose to create in this "beloved natural son" a mere life estate in the event of legitimate children born to him, with the remainder in such children. To hold otherwise, with all due respect, would cut to shreds, upon the sharp edge of legal technicalities, the wishes of the dead respecting the estate he desired the son, so near to his heart, to have when there should come into his life children, the offspring of lawful wedlock. Encouraging him against an example which perhaps had caused some anxiety in his own life, he made the absolute estate in the son to depend upon the birth of legitimate children. After the birth of such children, to limit the son's interests to a mere life estate would be to read out of the granting part of the devise the word "absolutely," and to import into the grant the customary apt words essential to the creation of an estate in remainder in the children.

The state statute commands "all courts and others concerned in the execution of last wills to have due regard to the directions of the will, and the true intent and meaning of the testator in all matters brought before them." Rev. St. 1845, p. 1086, § 51 (section 4650, Rev. St. Mo. 1899). Observing this direction, which is but a statutory emphasis of one of the general canons for the construction of wills, and the wholesome rule that, when the words employed by a testator in the first instance indicate a purpose in his mind to give the entire interest and benefit of the estate devised absolutely to the beneficiary, "it will not be cut down to any less estate by subsequent or ambiguous words, inferential in their intent" (Lamb v. Eames, L. R. 10 Eq. Cas. 266; Clarke v. Leupp, 88 N. Y. 228; Small v. Field, 102 Mo. 104, 14 S. W. 815; Yocum v. Siler, 160 Mo. 289, 61 S. W. 208), I hold that the law of the case is with the defendants, and the motion for judgment in favor of defendants is sustained.