(47 Misc. Rep. 232.)

### LUDLAM v. LUDLAM et al.

(Supreme Court, Special Term, New York County. May, 1905.)

WILLS—CONSTRUCTION—ESTATES CREATED.

　. A will gave to testator's wife, "for her occupancy or otherwise as she may deem best for the comfort and maintenance of the family," a certain house and lot, and in a subsequent clause set apart the "income" from another house and lot and from designated securities, "also for the comfort and maintenance of my family." *Held*, that the wife took an estate in . fee in the first-mentioned house and lot, which was not limited by the words "as she may deem best for the comfort and maintenance of the family."

Action by Annie M. Ludlam, individually and as executrix of William Ludlam, deceased, against Lillie E. Ludlam and others. Judgment of dismissal.

George V. Brower, for plaintiff.
David B. Ogden, for defendant Livingston.
James and Thomas H. Troy, for defendants Landon and another.
Jacob Steinhardt, for defendants Segal and others.

BISCHOFF, J. This action is brought for the partition of the premises No. 49 East Third street, in the city of New York, and the interest of the plaintiff depends for its existence upon a construction of the will of William Ludlam, who died seised of these premises in

the year 1885. At the time of the death of William Ludlam he left him surviving two sons and three daughters and his widow, Matilda Ludlam. Subsequently, and on the 15th day of October, 1898, the widow conveyed the premises in suit to her three daughters, who thereafter reconveyed to her (the widow), and she, on the same day (June 6, 1899) made a conveyance of these premises to one Moses November for an actual consideration of $12,000. The interest of the defendant Livingston, as mortgagee, and the title of the defendants Segal, Geiger, and Braverman, depend upon the validity of this deed of Mrs. Ludlam, and the claim of these last-named defendants is that their title or interest is exclusive, as against the plaintiff and all other parties, who assert title by virtue of their standing as heirs at law of William Ludlam, or under his will. The provisions of the will, under which Mrs. Ludlam's power to convey the premises in question is sought, on the one hand, to be upheld, and, on the other, to be negatived, are as follows:

"First, after all my lawful debts are paid and discharged the residue of my estate, real and personal, I give, bequeath and dispose of as follows, to wit; to my wife Matilda for her occupancy or otherwise as she may deem best for the comfort and maintenance of the family the house and lot and appurtenances thereon known as No. 49 East Third street, in the city of New York now occupied by me with the furniture contained therein and wearing apparel, etc., to be disposed of or used as my wife may think best, also for the comfort and maintenance of my family, income from house and lot owned by me and known as No. 178 Washington street, in the city of Brooklyn, Long Island, also from fifty shares of Globe Fire Insurance Company stock, fifty dollars each par value."

Then follows mention of other securities. Next, after providing for the payment from his estate of certain indebtedness contracted by his sons, the testator goes on to direct:

"The balance of my property, personal and real estate to be kept invested the income from it to be at the disposal of my wife for the comfort and maintenance of the family. If the income from the above enumerated property shall, from any cause, be insufficient to supply the wants of the family, then the principal may be drawn upon from time to time as may be required. On the decease of my wife a division of my estate shall be made in five equal amounts as follows: John C. Ludlam's and Fitch R. Ludlam's amount or portion being made in part of the amounts charged to them each on memorandum book in my possession."

The will concludes with the appointment of the wife and two other individuals named as executrix and executors. The question presented is whether Mrs. Ludlam, the widow, took an estate in fee as to the premises No. 49 East Third street or was the holder of a power in trust sufficient to support her disposal of the property, or whether her interest was confined to a life estate.

As I consider this will, the apparent intention of the testator was to give to his wife the absolute power of disposal of this property. It is to be noted that the premises are given to her "for her occupancy or otherwise as she may deem best for the comfort and maintenance of the family," and there follows the further clause "to be disposed of or used as my wife may think best." The contention that this last clause refers only to the furniture and wearing apparel contained in the premises is not, in my opinion, supported by a reasonable con-

struction of the words employed and the manner of their placing. The testator says: "The house and lot * * * with the furniture contained therein and wearing apparel," etc.; the words being used as a part of a single sentence and the word "with" being a word which denotes continuity, not separation, so far as these different classes of property are to have relation to the words which follow them. As I take this sentence, the words "to be disposed of or used as my wife may think best" have a legitimate connection with the preceding words "for her occupancy or otherwise," and it would be a strained construction to say that the word "otherwise" thus occurring was to be restricted to a use of the property by leasing it. This word "otherwise," as construed in connection with the apparent purpose of the whole sentence, would reasonably bear the construction that any form of disposal of the property was contemplated; and that the house itself was given to the wife, as distinguished from the mere income from or use of the house, is made more apparent from the fact that the testator proceeds to set apart "also for the comfort and maintenance of my family" the "income" from another house and lot and from certain designated securities, to which "personal property and real estate" the subsequent general clause, directing the retention of investment of the property so designated during the lifetime of his wife, has evident application, to the exclusion of any necessity for finding a reference therein to the premises 49 East Third street.

The suggestion that the omission of the word "devise" from this will imports an intention to give the widow something less than the fee is founded upon the assumption that this will was drawn by a person conversant with the technical meaning of legal terms—an assumption which the framing and composition of this will do not, to my mind, by any means justify. The words used are: "I give, bequeath and dispose of"—a form of expression readily to be adopted by a layman, but not as readily to be chosen by a trained draftsman, and the manner in which other directions are made in this will for the disposal of the property discloses an inartificiality which suggests that the instrument was not drafted by a lawyer, or that, if it were, the draftsman's experience in such matters had not been of sufficiently long standing to render his choice of words, or omission of particular terms, of any valuable import.

If the plaintiff's contention that this will was probably drawn by a lawyer is correct, and some importance should, therefore, be attached to the fact that the word "devise" was omitted, then even stronger is the effect of the use of the word "with" in reference to the connection between the house and the furniture, as related to the wife's disposal of either or both, since the testator's intention to restrict her disposal to the furniture, as contended for by the plaintiff, if communicated to a lawyer for expression in the document, would certainly have been expressed in some way less confounding, to say the least. My conclusion is, therefore, that the wife, Matilda, took an estate in fee, and that the words "as she may deem best for the comfort and maintenance of the family" imported no limitation upon the estate which she took, and were but an expression of the testator's reasons for making the gift, explanatory of his purpose, but not affecting the actual duties

of the devisee.  Clarke v. Leupp, 88 N. Y. 228; Banzer v. Banzer, 156 N. Y. 432, 435, 51 N. E. 291.

There should, therefore, be judgment for the dismissal of the complaint upon the merits, and declaring that the defendants Segal, Geiger, and Braverman are the owners in fee of the premises described in the complaint, subject to the lien of the mortgage held by the defendant Livingston.

Judgment accordingly.