WILLS (§§ 601, 634*)—CONSTRUCTION—BEQUEST TO WIFE—CONDITION AS TO REMARRIAGE.

Testator gave his personalty, including the proceeds of a life insurance policy and all moneys on deposit, and certain realty, to his wife, to be administered by her for the benefit of herself and children while she remained a widow. The will then provided: "To guard against the probability of her forming a second union in an ill-judged manner that may tend to militate against the children's interest, I provide in such case that she shall be content with one-third of the estate as duly prescribed by law, the rest to be equally divided or used for the benefit of my three children. * * *" *Held*, that the wife took the whole estate in fee or ownership as the nature of the property required; that her interest was conditional on her remarriage, and would be absolute in the absence of that event; that on remarriage her interest would be reduced to dower in the land and her one-third of the personalty; and that there was given to the children a contingent remainder in the estate, less the dower and one-third of the personalty in the fund at their mother's remarriage.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1340–1350, 1488–1510, 1608; Dec. Dig. §§ 601, 634.*]

Proceeding on the probate of the will of Horatio Albert Biles, deceased. Decreed according to opinion.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Arrowsmith & Dunn, of New York City, for executrix.

Franklin M. Tomlin, of Brooklyn, special guardian, for Horace L. Biles and others.

KETCHAM, S. It becomes necessary to construe the following clause of the will:

"First, after my lawful debts are paid, I give all my property both real & personal which includes the right to receive and collect the payment of my New York Life Insurance policy No. 877,109. All moneys belonging to me in Banks & Savings Institution, also free title to the houses & property situated at 370 Park Place, Borough of Brooklyn, N. Y. to my lawfully wedded wife— Agnes Jane Bliss to be administered by her for her own personal benefit & that of her three children so long as she shall remain a widow—To guard against the probability of her forming a second union in an ill-judged manner that may tend to militate against the children's interest, I provide in such case that she shall be content with one-third of the estate as duly prescribed by law, the rest to be equally divided or used for the benefit of my three children, Horace Lindsay Biles, Lois Antoinette Biles and Harold William Biles."

The testator at least shows an intention that his wife's interest under his will shall be less in case of her remarriage than if she shall remain his widow. It will be confessed that he did not mean to offer her a reward for remarriage, especially in view of his expressed apprehension that her remarriage was a probability, and, further, that it was probable that such remarriage would be ill-judged. Out of all that is dark and void, it comes clearly to light from this will that the wife was to have more if she remained a widow and less if she married again.

If the will be interpreted to give her the fee or legal ownership of the property mentioned in the first paragraph, to hold absolutely provided she shall remain a widow, then the intention that she shall forfeit something by a remarriage is fulfilled. Can this obvious intention be satisfied by any other construction? It would fail if she should receive the estate with her three children in equal fourths, and, unless a trust be revealed by construction, the gift to the wife must be of all the property or of one-fourth thereof. The arrangement by which the wife would take the whole is aided by the fact that in the outset the gift to her, however afterwards modified, is a gift of the entire estate.

Is this followed by any language which with equal or greater clearness cuts down the original terms of gift? Benson v. Corbin, 145 N. Y. 351, 359, 40 N. E. 11; Roseboom v. Roseboom, 81 N. Y. 359; Hacker v. Hacker, 153 App. Div. 270, 138 N. Y. Supp. 194. Such language is not found in the words "to be administered," etc. These, in comparison with the earlier phrase, "I give all my property both real and personal * * * to my lawfully wedded wife," are reduced to the tones of exhortation incapable of affecting the title which passes by the devise. Unless the suggestion as to the administration of the gift contains an implication of a trust, it must be merely precatory.

It is conceded, and well argued in both the briefs submitted, that a trust cannot be discovered. All that is essential to the foregoing conclusions is found in Clarke v. Leupp, 88 N. Y. 228, in which not only was the reasoning generally applicable to the case at bar, but the devise was in remarkable parallel to the will now under examination. It was as follows:

"1 do, therefore, make this my last will and testament, giving and bequeathing to my wife Caroline all my property, real or personal, of whatever name and nature it may be in, that I am now possessed of, or is owned by me, or that I may have or be possessed of at the time of my death, or that I may inherit, or fall to me by relationship, or by gift, before or after my death, and do appoint my wife, Caroline Maria, my true and lawful attorney and sole executrix of this my will, to take charge of my property after my death, and retain or dispose of the same for the benefit of herself and children above named."

The construction reached by the court is that the wife takes the whole estate contemplated in the first paragraph of the will, not in trust, but in fee or ownership as the nature of the property may require; that her interest is conditional upon her remarriage and will remain absolute in the absence of that event; that upon such remarriage the interest of the wife is to be reduced to her dower in the lands and her one-third of the personalty "as duly prescribed by law"; and that there is given to the children a contingent remainder in the estate, less, however the dower and one-third of the personal property in the fund at their mother's remarriage.

Construction also may be required of the last paragraph, which, despite the earlier gift of "all my property," expressly devises real estate in England to the surviving heirs of the testator. It cannot be doubted that the English lands were not included in the earlier gift of real property, and that they pass to the children of the testator who survived him.

Decreed accordingly.