In the Matter of the Estate of ISAAC DILLOFF, Deceased.

Surrogate's Court, New York County, April 24, 1928.

Wills — construction — testator and wife executed joint will — will devised entire property to survivor — will also provided that after death of survivor, property should go to sons and daughter — devise to survivor, widow, was absolute and was not cut down by subsequent provision for sons and daughter.

The testator and his wife executed a joint will which provided that all the property of the two should go to the survivor. A later provision of the will provided that upon the death of the survivor, the property should go to the sons and daughter of the testator and his wife.

The widow survives. She is entitled absolutely to all the property, for the subsequent provision in the will did not have the effect of cutting down the first devise to a life estate.

APPLICATION for construction of will presented in probate proceeding.

*Albert A. Burdick,* for the petitioner.

*Nelson Rosenbaum,* special guardian.

O'BRIEN, S. This is an application for a construction of certain portions of the will of the above-named testator presented in a probate proceeding. Isaac Dilloff and his wife, Fannie Dilloff, executed a joint and mutual will, and the essential parts of the same involved in the question of construction are as follows:

" We, Isaac Dilloff and Fannie Dilloff * *. * do hereby make, publish and declare this and this only, to be our last Mutual and Joint Wills and Testaments in the manner following, viz: * * *

" *Second.* We hereby give, devise and bequeath to the survivor of either of us and to his or her heirs forever, all our estate and properties of whatsoever kind or nature same may be at the time of our decease.

" *Third.* After the death of the survivor of either of us, all our property, both real and personal, we give, devise and bequeath unto our beloved sons, Morris Dilloff and Louis Dilloff and to our beloved daughter, Lizzie Berman, each to share alike, or to their heirs forever."

The widow, Fannie Dilloff, claims all of the property absolutely under the 2d paragraph of the will and the special guardian for infant children of a deceased son, Louis Dilloff, contends that the interest of the widow is but a life estate with the remainder to the children under the 3d paragraph of the will. The gift to the widow contained in the 2d paragraph of the will is absolute in its terms,

and the only interest the children would have in the testator's property would be after the death of the widow, Fannie Dilloff, the last survivor of the two makers of the joint will.

It has been held in *Rastetter* v. *Hoenninger* (214 N. Y. 66), which decision was followed in *Morgan* v. *Sanborn* (225 id. 454), that a joint will such as this one may be proved as the will of either and that upon the death of the survivor the instrument may be proved again as the will of the latter or a suit in equity may be maintained to enforce the contract. The will in the *Rastetter Case* (*supra*) is very similar to the will now before the court for construction, except that the will in the former case in express terms gave to the survivor only the income during his or her life, while in the instant case there is an absolute bequest. I, therefore, hold that the proper construction of this will is that the widow, Fannie Dilloff, under the provisions of the 2d paragraph of the will takes all of the testator's property absolutely. (*Rastetter* v. *Hoenninger*, 214 N. Y. 66; *Morgan* v. *Sanborn*, 225 id. 454.)

Submit decree on notice admitting the will to probate and construing the same accordingly.