John H. Weidner, S.
In this accounting proceeding, application has been made for the construction of decedent’s will.
On August 18, 1957, the decedent and his surviving spouse, Florence I. Watson, executed a joint will which was duly admitted to probate in this court July 5,1960.
The provisions of the will which are material to this construction are:
‘ ‘ second : All of the rest, residue and remainder of our property, real, personal or mixed, of whatever name or nature and wheresoever situate, in which we shall own any interest, legal or equitable, at the date of death, we give, devise and bequeath unto the one of us surviving the other.
“ third: On the death of the survivor of us, or in the event that we should be killed in a common disaster, then we hereby give, devise and bequeath our said residuary estate as follows:
“A. We give and bequeath unto rot r. watson of Dixon Avenue, Scranton, Pennsylvania, the sum of One Thousand Dollars ($1,000).
“ B. We give and bequeath unto Alton d. mead of Hellertown, Pennsylvania, the sum of One Thousand Dollars ($1,000).
“ C. All of the balance of our said residuary estate we give and bequeath unto the grandchildren of Florence I. Watson living at the date of death of the survivor of us, equally, share and share alike.”
Because the decedent and his wife, in paragraph third, disposed of “ our ” residuary estate, this court is asked to decide whether or not the widow received only a life estate with a remainder over to the designated remaindermen,
*903 The preparation of joint wills demands precision in language. If the disposition of the estate in the event of a common disaster had been stated separately, the plural disposition would have been proper. The disposition of the estate upon the death of the survivor of the joint testators might better have been couched in the singular form.
Although this was not done, the court does not believe that the intention changed simply because the two situations, common disaster and survivorship, were combined in one paragraph.
Based on the language of the will and the testimony of the attorney who supervised its execution, this court holds that the widow received an absolute gift of the entire residuary estate. The equivocal and slightly ambiguous language of paragraph third cannot properly be interpreted to cut down this prior absolute gift to a mere life estate. There is nothing to justify an inference that the testator harbored such intention.
In Matter of Warren (11 N Y 2d 463, 468) the court said: ‘ When the words of a will in the first instance clearly indicate an intention to make an absolute gift of property to a donee it will not be restricted or cut down to any less estate by subsequent or ambiguous words, inferential in their intent. ’ (Clarke v. Leupp, 88 N. Y. 228, 231); where language of absolute gift is employed the courts favor giving it effect (Matter of Hayes, 263 N. Y. 219; Clarke v. Leupp, supra).”
The court is in accord with the decision in Matter of Dilloff (132 Misc. 269) where a joint will, similar to the one before this court, was construed to give the surviving spouse an absolute estate.
Since no objections have been raised to the account filed herein, a decree may be submitted approving the same and construing the will in accordance with this decision.