SCHUYLER *v.* ROSS *et al.*

*(Supreme Court, General Term, Fifth Department.*   January, 1891.)

1. ACCOUNT STATED—ESTOPPEL TO DENY.

In an action for the value of bark sold and delivered by plaintiff to defendants, plaintiff contended that the bark was to be measured at the place where it was loaded on the cars for shipment, while defendants insisted that the measurements were to be made at the tanneries to which the bark should be shipped. After all the bark had been delivered, defendants sent plaintiff a statement showing the amount delivered, according to the measurements at the tanneries, the payments made thereon, with a check stated to be in full of the balance as shown thereby. Plaintiff made no objection to the account at the time, but collected the check and used the money. *Held,* that plaintiff was estopped afterwards to deny that his claim was paid in full.

2. JUSTICES OF THE PEACE—PLEADING—VARIANCE.

In such case the account was properly admitted in evidence by the justice before whom the cause was tried, though the answer merely pleaded payment in full, and did not plead an account stated; Code Civil Proc. N. Y. § 2943, providing that a variance between the pleading and proof in a justice court shall be disregarded as immaterial, unless the court is satisfied that the adverse party has been misled thereby to his prejudice.

Appeal from Chautauqua county court.

Action by Francis M. Schuyler against Emory A. Ross and another. From a judgment of the county court reversing the judgment of a justice of the peace plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Sessions & Woodward,* for appellant.   *Cook, Fisher & Wade,* for respondents.

MACOMBER, J.   This action was brought to recover the value of a quantity of bark sold and delivered by the plaintiff to the defendants. Judgment was rendered in favor of the plaintiff before a justice of the peace upon the verdict of a jury for the sum of $7,603 damages, being for a balance of account. On appeal to the county court this judgment was reversed, with costs. Upon the trial it was claimed by the plaintiff that the bark so sold to the defendants was to be measured at a place called Frewsburg, where the same was to be loaded upon cars for shipment. On the other hand, the contention made by the defendants was that the bark was to be measured by the tanneries to which the same should be shipped, and that the measurements returned to the defendants should be accepted by the plaintiff. If the measurements made at the tannery were correct, then it is established beyond question that the defendants had fully paid the plaintiff the amount of his claim. According to the plaintiff's testimony, a portion of the bark was to be sold at the sum of $4.40 per cord, delivered on the cars at Frewsburg, and the other portion thereof at $4.50 per cord. This transaction was had in the year 1886. The exception upon which reliance seems to be mainly placed for an affirmance of the judgment of the county court is the admission of incompetent testimony against the defendants by the justice of the peace. One of the defendants had given evidence to the effect that the measurements were to be made at the tanneries, and that he should account to the plaintiff in accordance therewith. He was asked upon cross-examination the following question: "Did you buy bark of Brant & Venman about the same time, at the same terms?" This question was objected to, but the objection was overruled, and the defendant answered to the effect that he did buy bark of Brant & Venman on the same terms, and to be measured at the same place, as was the bark which was bought of the plaintiff. Venman was then called as a witness to show that the bark which his firm had sold to the defendants was to be measured at Frewsburg. This ruling of the justice is urged upon our attention as being erroneous; yet as it seems to us, if this was the ground upon which the judgment of the justice of the peace was reversed, we should

be obliged to reverse the judgment of the county court, and affirm that of the justice of the peace, for the reason that the admission so given in evidence was that of the party, not simply of a witness, and that it related directly to the main subject of inquiry, namely, the place where the bark purchased by the defendants was to be measured. But there is, however, a reason why the judgment of the county court should be affirmed. About the middle of February, 1887, an account was rendered by the defendants to the plaintiff of all of the purchases of the bark covered by this transaction, made out in the form of the indebtedness of the defendants to the plaintiff, in which the receipts of certain cars, and their dimensions, and the amount of money realized therefrom, were stated on the one hand; and on the other, the amount of money paid thereon; and closed with the statement that there remained unpaid to the plaintiff the sum of $3.42, for which a check was given. This account was received by the plaintiff. It was put in evidence without objection. No question of its accuracy was made by the plaintiff at that time, and he made use of the check by collecting the amount thereof from the bank upon which it was drawn. We think, if the plaintiff was ever to repudiate the claim thus made by the defendants, he should have done so when he received this account and this check; and that by using the check, thus taking an affirmative action in the line indicated by the defendants, he could not afterwards claim that the payment so made was not in full of the account. The plaintiff himself testifies that, in the letter which accompanied the delivery of the check and a statement of the account, it was stated that the check was in full of the payment of the balance due from the defendants to the plaintiff. Under these circumstances, it is too late for the plaintiff to claim that there is any balance due him growing out of this disputed account. The evidence, it is true, under which the statement in the letter, to the effect that the inclosed check was in full payment of the balance due the plaintiff, was objected to by plaintiff's counsel upon the ground that an account stated had not been pleaded in the answer. But this objection was overruled by the justice of the peace, and the evidence given. The answer had pleaded a payment in full of the claim made by the plaintiffs. By section 2943 of the Code of Civil Procedure, a variance between an allegation in the pleading and proof in a court of a justice of the peace must be disregarded as immaterial, unless the court is satisfied that the adverse party has been misled thereby to his prejudice. While, therefore, the answer did not technically set up an account stated between the parties, it did allege a payment in full of all demands; and this was proved conclusively by the admission of the plaintiff himself that the letter inclosing the check contained a statement that the check was delivered as payment in full of the demand growing out of the transaction between the parties. This was about two years before this action was begun. But the account itself which was put in evidence was not objected to on any ground. It was this paper, and not the letter, which concluded the plaintiff, for he unequivocally acquiesced in and by his acts adopted it as a final settlement. The judgment appealed from should be affirmed, with costs. All concur.