### *In re* STRICKLAND'S ESTATE.

### *In re* WESLEY.

(*Supreme Court, General Term, Fifth Department.* January 22, 1892.)

WILLS—PERPETUITIES—BEQUEST TO CORPORATIONS.

Testator, by the fourth clause of his will, gave to the trustees of each of four incorporated religious societies a sum of money, in trust, to be invested, and the interest applied to the support of the pastor in charge. By the fifth clause he made a gift to the managers of "The Home for the Friendless," and provided that the interest be applied for the benefit of the institution. By the sixth clause he gave the residue of his estate to the trustees of De Veaux College, to be held in trust, and the interest applied for the purpose of educating some worthy boy or boys. In this clause testator expressed a preference for the residents of a certain town and county, but he provided that any beneficiary under this bequest should be "received in the same way, in the same order, and under the same conditions as now are, or may be hereafter, prescribed for the beneficiaries received upon the foundation under the will of Judge De Veaux." *Held*, that none of these bequests violated the statute against perpetuities, since each gift was to a corporate institution, and for one or more of the purposes for which it was incorporated.

Appeal from surrogate's court, Erie county.

Proceeding for the settlement of the accounts of Eliza Wesley, executrix of the will of Benjamin Strickland, deceased. The heirs at law and next of kin of deceased appeal from a decree settling the accounts and directing a distribution of the estate in accordance with the provisions of the will. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Howard & Clark*, for heirs, etc., appellants. *H. P. Bissell*, for respondent De Veaux College. *William B. Hoyt*, for respondents four churches. *George Gorham*, for respondent Home for the Friendless.

DWIGHT, P. J. One objection was made by the contestants to all the provisions in question in the will of the deceased, viz., that they were repugnant to the statute of perpetuities; and the further objection was made to one of them that the beneficiaries were not sufficiently ascertained or defined. We are of opinion that none of the objections were well founded. Six institutions are named in the will, in connection with as many devises or bequests, and the gift in each case is to the trustees (or managers) of one of such institutions, in trust, for a purpose named. All are religious, charitable, or educational institutions, duly incorporated under the laws of the state of New York. Four of them (named in the fourth clause of the will) are religious societies or churches; and the gift in each of those cases is to the trustees of the society named, in trust, of a sum to be invested, "and the interest arising therefrom to be applied annually to the support of the pastor in charge." Another institution, named in the fifth clause of the will, is "The Home for the Friendless" in Buffalo, and the gift "to the managers in charge" is of the avails of the sale—to be made—of certain real estate, which are to be invested, and "the interest arising therefrom annually to be applied to the benefit of said institution." The other institution, named in the sixth clause of the will, is De Veaux College, at Suspension Bridge; and the gift is of the residue of the estate to the trustees of that institution, "to be held by them in trust, and the interest thereon to be applied for the purpose of educating some worthy boy or boys who may need assistance in obtaining an education; and it is my desire that preference should be given—*First*, to residents of the town of Newstead, Erie county, N. Y.; and, *second*, to residents of said Erie county, N. Y.; and, *thirdly*, generally upon the rules of precedence established or to be established from time to time for appointment upon the De Veaux foundation. Any beneficiary under the above bequest, however, to be received in the same way, in the same order, and under the same conditions as now are, or may be hereafter, prescribed for the beneficiaries received upon the foundation under the will of Judge De Veaux." Under perfectly well-settled principles of the law of this state, as we understand it, none of these several provisions is obnoxious to the general objection made to all, viz., of repugnance to the statute of perpetuities, for—*First*. Although the gift in each case is in terms to the trustees of the institution, it is in effect a gift to the corporate body,—to the institution itself,—and vested in the latter the moment the will took effect. *Currin* v. *Fanning*, 13 Hun, 458; *Institute for the Blind* v. *How's Ex'rs*, 10 N. Y. 84; *Consistory of R. D. Church* v. *Brandow*, 52 Barb. 233; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424, 427. The doctrine of these cases is the law of this state, and the question here first suggested is not open for discussion. *Second*. The gift in each case was for one or more of the purposes of the incorporation of the institution to which it was made. In the case of each of the four churches it was for the support of the pastor,—a recognized and undoubted purpose for which the church was organized,—and therefore the gift was not only to the corporation, but was directly for its benefit. *Williams* v. *Williams*, 8 N. Y. 524; *Wetmore* v. *Parker*, 52 N. Y. 450, 457. In the case of the Home for the Friendless the gift was, in terms, for the benefit of the institution. In the case of De Veaux College, a careful collocation and comparison of the brief and explicit provision of this will with the act of incorporation of that institution demonstrates, we think, that the object and purpose of the former is to all intents and purposes within the scope of the objects and purposes of the latter. That act of incorporation constitutes chapter 243 of the Laws of 1853. It refers in its first section to the provision in the will of Samuel De Veaux, the founder, by

which certain real and personal estate is directed to be applied "for the purpose .of establishing, founding, and maintaining a benevolent institution to receive and support orphans and destitute children, to train them up to industry, to learn them trades and professions, to give them a mental and manual and a social and religious education;" and it constitutes William H. Delancey and eight others, and their successors, a body corporate, which "shall and may take, hold, and enjoy, for the purposes expressed in said will, and no other, the real and personal estate therein directed to be applied to the said purposes;" and it provides that the said corporation "shall have perpetual succession, and be capable of taking and holding by purchase, gift, grant, or devise any real and personal estate for the purposes aforesaid." In its second section, moreover, the act provides that the trustees of the said corporation "shall take charge and possession of the property directed by the said will of said Samuel De Veaux to be applied to the purposes aforesaid, and of all other funds and real or personal estate whatever that may be acquired by the said corporation, and manage and dispose of the same, and apply the income and avails thereof to the purposes expressed as aforesaid in the said will, and to no other." The comparison above suggested between the provisions of the will of Benjamin Strickland, in respect to De Veaux College, and the provisions of the will of Samuel De Veaux, in the same respect, as effectuated by the charter of De Veaux College, shows the complete harmony of purpose of the two testamentary acts, and brings the gift now in question as clearly within the provisions of the act of incorporation of the institution named as the original gift of the founder. Such being the case, the provisions of the sixth clause of the will under consideration may be consigned to the same category with the provisions previously considered, viz., of provisions for the benefit of the several institutions, respectively, which are named in the will, and under neither of which it is necessary to look for specific beneficiaries beyond those institutions themselves. *Currin* v. *Fanning, supra.* The suggestion, in the sixth clause, of a limitation upon the mode of selecting the boy or boys who shall enjoy the benefit of the provision, is merely the expression of a desire of the testator in that respect, and it is expressly subordinated to the rules and practice of the institution by the following and concluding sentence of the clause.

We have, then, in this will, six provisions for the benefit, respectively, of as many incorporated institutions, four of which are religious societies, one a purely benevolent or charitable institution, and one incorporated by a special act of the legislature for purposes both charitable and educational. Whether either of these provisions is repugnant to the statute of perpetuities seems not to admit of much further discussion under the repeated and consistent adjudications of the courts of our own state. The *Case of Williams, supra,* though not followed to the extent to which it went in the application of the English doctrine of pious and charitable uses, is yet most undoubted authority on the question of the validity of trusts in perpetuity, to corporations actually existing and legally empowered to take and hold property, provided such trusts are for the purposes of their incorporation. The case of *Holmes* v. *Mead,* 52 N..Y. 332, which most formally overruled *Williams* v. *Williams* in its application of the doctrine of charitable uses, nevertheless fully recognized the necessity, in the nature of things, of perpetuity in trusts to corporations for the purposes of their creation, and to the extent of the limitations imposed by their charters or acts of incorporation; and the court in that case, by ALLEN, J., remarks that to the extent of those limitations "each act of incorporation is a dispensation in favor of the particular corporation in respect to the prohibitions of the statute against perpetuities," and is, in effect, a repeal, *pro tanto,* of that statute. See, also, *Bascom* v. *Albertson,*. 34 N. Y. 584; *Wetmore* v. *Parker,* 7 Lans. 121, 52 N. Y. 450; *Adams* v. *Perry,* 43 N. Y. 487; *Chamberlain* v. *Chamberlain,* Id. 424. It being con--

ceded, then, that all the institutions mentioned in this will were duly incorporated by or under the laws of this state; that all were empowered to take and hold real and personal property for the purposes of their incorporation, and within limits prescribed; that those limits will in no case be exceeded upon the acquisition of the property or fund in question; and it being held that the gift of such property or fund in each case is to the corporation itself, for one or more of the purposes of its incorporation,—no further question can be made of the validity of the several provisions discussed of the will of Benjamin Strickland, and it follows that the decree of the surrogate should be affirmed.

Decree of the surrogate of Erie county affirmed, with costs, to be paid by the appellants. All concur.