GEORGE H. PRESTON and JANE E. JACKSON, Appellants, *v.* JOHN C. HOWK, as Executor, etc., of JULIA A. FREER, Deceased, and Others, Respondents.

*Will — bequest to a church under an incorrect name, held valid — when it does not create a trust in the church trustees — vesting of the gift.*

In an action brought for the partition of certain land, it appeared that the land had belonged to Julia A. Freer, who died leaving a will, the fourteenth clause of which was as follows: "I give and bequeath the use or interest of all the rest, residue and remainder of my estate, both real and personal, to the trustees of the Presbyterian Church at Ontario Center, N. Y., which is to be used by them to help defray the expense of preaching the gospel in said church from year to year."

The testatrix also authorized her executor to convert all her estate, not otherwise disposed of, into money and gave him power to sell and convey it.

It appeared that in 1844 the Ontario Congregational Society was organized at Ontario Center and apparently was incorporated under chapter 60 of the Revised Laws of 1813 (2 R. L. 212); that in 1868 the form of church government was voluntarily changed from the Congregational to the Presbyterian and that the church was thereafter known as the Presbyterian Church; that there was no other church in the town of the same name, and that the testatrix was a member and was a regular attendant of this church until her death. The plaintiff claimed that the residuary bequest to the trustees of the church was void.

*Held,* that as the evidence warranted the finding that the Congregational society had been changed to the Presbyterian, the misnomer would not be allowed to affect the intention of the testatrix;

That a trust was not created in the trustees of the church; that the language used was employed to give to the corporate body the property mentioned in the will and that the property vested in the corporate body when the testatrix died;

That the language of the fourteenth clause, taken in connection with the power given to the executor to convert the residuary estate into money, was a gift, by implication, of the *corpus* of the estate to the church for the purpose of aiding the corporation in the discharge of its corporate functions.

APPEAL by the plaintiffs, George H. Preston and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Wayne on the 1st day of July, 1895, upon the decision of the court rendered after a trial at the Wayne Special Term, and also from an order bearing date the 24th day of June, 1895, and entered in said clerk's office, granting costs and an extra allowance of $150 to the defendants.

The action, which was brought for the partition of certain lands, was tried at a Special Term in Wayne county, and the court made findings from which it appears that Julia A. Freer, of the town of Ontario, in Wayne county, was, in her lifetime, seized in fee simple and in possession of the real estate described in the plaintiffs' complaint, and that she died on the 13th day of September, 1891, leaving no parent, husband or child her surviving, but leaving as her only surviving heirs at law one brother, who is one of the plaintiffs, and two sisters, one of whom is the plaintiff, Jane E. Jackson, and the other a defendant herein, Delia C. Hicks. On the 23d day of August, 1891, the testatrix executed her last will and testament, which is fully set out in the complaint. The will was admitted to probate by the surrogate of Wayne county, and letters testamentary were issued to the defendant John C. Howk, who

qualified and entered upon the discharge of his duties as executor. It is found as a fact that Oscar F. Whitney, Edwin Harrison and Edson Howk are trustees of the church society known as the "Presbyterian Church of Ontario Center." It is also found: "That said society was originally incorporated as a Congregational Society, but that thereafter its form of government was duly changed to Presbyterian, and it has since been known as and called a Presbyterian Church. It was the church attended by the testatrix in her lifetime, and the only one of that name in the vicinity of her late residence." It was also found that the personal estate of the testatrix was more than sufficient to discharge in full all debts, claims and legacies against said estate. The court found as conclusions of law, viz.: "1. That the fourteenth clause of said last will and testament of Julia A. Freer, by which the disposition of the residuum of her estate is attempted, is not invalid by reason of the creation of any unlawful suspension of the power of alienation of the estate bequeathed, but that, on the contrary, said clause operates to vest such estate in the trustees of the Presbyterian Church (or Congregational) of Ontario Center, subject to the contingent interest therein of the Board of Home Missions, and the Board of Foreign Missions, of the Presbyterian Church, and to the duty imposed upon said trustees by the fifteenth clause of said will.

"2. That said fourteenth clause is not void by reason of the fact that said will was executed within two months of the death of the testatrix.

"3. That the plaintiffs are not entitled to the relief demanded in their' complaint." And the court ordered judgment dismissing plaintiffs' complaint, and in accordance with the findings the judgment was entered from which the plaintiffs appeal.

*W. Martin Jones*, for the appellants.

*S. B. McIntyre*, for trustees of the church.

*H. R. Durfee*, for the respondent Howk.

HARDIN, P. J. :

Plaintiffs' complaint particularly described two parcels of real estate owned by the deceased at the time of her death, and is framed

for the purpose of having partition of such real estate between the plaintiffs and the defendant, Delia C. Hicks, who are alleged to be the heirs at law, and to whom it is alleged the property of the testatrix descended.

The prayer of the complaint, among other things, asks that "The pretended devise to the trustees of the Presbyterian Church at Ontario Center," mentioned in the will, "be declared null and void, and that the said instrument, so far as the said bequest to said trustees and to said church is concerned, be adjudged to be invalid and in no wise to affect the disposition of her said real estate." It demands further relief according to the usual course and practice in actions for partition.

Upon the trial proof was given tending to show that in 1844 the Ontario Congregational Society was organized at Ontario Center, and that in 1868 the form of the government of the church was changed voluntarily from Congregational to Presbyterian, and that thereafter the church was known as "The Presbyterian Church." It was shown by the evidence that there was no other church known or called the Presbyterian Church, in the town of Ontario, and that the testatrix for many years attended that church, being a member thereof, and being "a constant and regular attendant upon the church services" until a few weeks before her death.

Apparently the church was incorporated under the statute of 1813 (Chap. 60, Revised Laws of 1813 [2 R. L. 212]). (*M. E. Union Church* v. *Pickett*, 19 N. Y. 482.)

The statute of 1813, as amended by chapter 79 of the Laws of 1875, gave to the church power to "take and receive by bequest or devise any real or personal estate, the net annual income of which shall not exceed $12,000, subject, however, to the provisions of chapter 360 of the Laws of 1860, entitled 'An act relating to wills.'" (See, also, chapter 443 of the Laws of 1875.) In the 4th section of chapter 79 of 1875 it was provided, viz.: "The trustees of any church, congregation or religious society, incorporated under said section three of the above-mentioned act, shall administer the temporalities thereof, and hold and apply the estate and property belonging thereto and the revenues of the same, for the benefit of such corporation." The proofs given at the trial were sufficient to warrant the finding that the Congregational society had

changed to Presbyterian, and that the Presbyterian church mentioned in the will was the one known in law as the Ontario Congregational Society, and the misnomer does not affect or defeat the intention of the testatrix. (*Lefevre* v. *Lefevre*, 59 N. Y. 440.)

In the fourteenth clause of the will the testatrix used this language : " I give and bequeath the use or interest of all the rest, residue and remainder of my estate, both real and personal, to the trustees of the Presbyterian Church at Ontario Center, N. Y., which is to be used by them to help defray the expense of preaching the gospel in said church, from year to year." It is contended in behalf of · the appellants that the effect of the language used is to create a trust in the trustees . named. It is quite apparent, however, that the language used, which has just been quoted, together with the other language found in the will was employed by the testatrix for the purpose of giving to the corporate body the property mentioned in the will, and that the property vested at the close of the testator's life. (*Matter of Wesley*, 43 N. Y. St. Repr. 952; *Currin* v. *Fanning*, 13 Hun, 458; *N. Y. Institution for the Blind* v. *How's Executors*, 10 N. Y. 84; *Chamberlain* v. *Chamberlain*, 43 id. 424; *Wetmore* v. *Parker*, 52 id. 450.)

In the further provisions of the will the testatrix authorized her executor to convert all of her estate, real and personal (not otherwise disposed of), into money, and gave to him authority to bargain, sell and alien in fee simple all of her lands ; and gave to him full power and authority to grant, bargain, alien, sell and convey and assure " all the same lands to any person or persons and their heirs forever in fee simple." This language does not seem to have been used for the purpose of creating a trust in the executor for the benefit of another person. It seems to have been used for the purpose of granting a power to enable the beneficiary to have and enjoy the estate of the testatrix intended to be carried by the residuary clause of her will to the church. The language of the will is sufficient to confer upon the residuary legatee " the use or interest of all the rest, residue and remainder of my estate, both real and personal ; " and by the use of this language there was a gift by implication of the corpus of the estate to the church " for the purpose of aiding the corporation in the discharge of some of its corporate functions." (*Bird* v. *Merklee*, 144 N. Y. 544; *Paterson* v. *Ellis*, 11 Wend. 298; *Smith* v. *Post*,

2 Edw. Ch. 526 ; *Hatch* v. *Bassett*, 52 N. Y. 359–362. That case was approved in *Locke* v. *F. L. & T. Co.*, 140 N. Y. 146 ; *Whitney* v. *Whitney*, 63 Hun, 59, and cases cited at page 78.)

The foregoing views lead to the conclusion that the Special Term committed no error in stating the conclusions of law found in its decision, and the judgment thereon should be affirmed.

(2) Upon affidavits presented at a Special Term held by the same judge who heard the case on the merits, an application was made for an additional allowance. Affidavits were read in behalf of the defendants tending to show the value of the property involved, and a moderate allowance was authorized, to wit, $150. No conflicting affidavits appear in the record; and we discover nothing upon an inspection of the affidavits used, and the circumstances disclosed by the appeal book, indicative that the Special Term abused its discretion. We, therefore, should sustain its order. (*Burke* v. *Candee*, 63 Barb. 552 ; *Delcomyn* v. *Chamberlain*, 48 How. Pr. 413 ; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 31 Hun, 403; *Gooding* v. *Brown.* 21 Wkly. Dig. 47 ; *Eames Vacuum Brake Co.* v. *Prosser*, 88 Hun, 343.)

All concurred, except ADAMS, J., not sitting.

Judgment and order affirmed, with two bills of costs, payable out of the estate.